IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RIGAUD CADET, | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | CRIMINAL ACTION<br>1:11-CR-113-WBH |
| UNITED STATES OF AMERICA | CIVIL ACTION NO.<br>1:12-CV-1632-WBH |

ORDER

This matter is before the Court for final consideration of Movan't s28 U.S.C. § 2255 motion to vacate his conviction. [Doc. 76]. Movant pled guilty in this Court to a single count of providing false information on a passport application. In his § 2255 motion, he raised the single claim that his counsel was ineffective for failing to advise him of the immigration consequences of his guilty plea as is required by Padilla v. Kentucky, 130 S.Ct. 1473 (1010). The Magistrate Judge recommended, [Doc. 78], that this Court deny the § 2255 motion pursuant to Rule 4 of the Rules Governing § 2255 Cases because Petitioner cannot meet the Strickland v. Washington, 466 U.S. 668, 688, 692 (1984), standard to establish ineffective assistance of counsel. According to the Magistrate Judge, Movant cannot establish the prejudice prong of the Strickland test because he was an illegal alien prior to this arrest and would be subject to deportation even if he had not been convicted. In his objections, Movant

asserted that he was legally present in the United States at the time of his arrest. The information available in the record was not sufficient for this Court to make a finding on the issue. Accordingly, this Court ordered the parties to supplement the record with whatever information they may have that would establish Movant's immigration status at the time of his arrest. The parties have complied with that order, and this Court is now prepared to rule on the Report and Recommendation and the § 2255 motion.

The Government submitted the affidavit, [Doc. 87], of Harlin G. Bryant, a Special Agent with the Diplomatic Security Service at the United States Department of State. According to Mr. Bryant's sworn statement, Movant "was not in the United States legally at the time of his application for a U.S. passport and was found to be an overstay." Further, an immigration Judge ordered Movant's removal from the United States prior to his guilty plea in this case based on the fact that he did not appear at a hearing. In other words, Movant had already been ordered deported at the time of his guilty plea, and this Court concludes that Movant cannot, therefore, establish that any failure on the part of Movant's counsel to advise Movant regarding the immigration consequences of his plea caused him prejudice.

Movant now concedes that he was subject to an order of removal at the time of his arrest, but he now asserts that he could have challenged the removal order. In

response, this Court notes that any order of deportation is technically subject to challenge, and Movant's chances of prevailing in such a challenge are entirely speculative. Moreover, even if this Court were to apply Padilla to this circumstance, the Supreme Court noted in its opinion in that case that, "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 130 S.Ct. 15 1485.

Movant was arrested for using false documents in order to obtain a passport in his own name and he was charged with three felonies. According to the Government at Movant's plea hearing, the evidence at Movant's trial would have shown that Movant was a citizen of Haiti not entitled to a U.S. passport and that Movant or someone on Movant's behalf applied for a passport. The passport application contained false statements, namely that Movant was born in Wisconsin and that his parents had been born in Missouri. Movant included his photograph with the application as well as his mailing address and a copy of his driver's license. Authorities later found the passport in Movant's possession.

Given this evidence, which Movant does not challenge, it is clear that the Government had a very strong case against Movant, and he likely would have been convicted for three felonies instead of the single count to which he pled. Movant has failed to describe any type of evidence or explanation that he might have used at trial to counter the Government's case against him, and while he argues strenuously that

3

he wants to remain in the United States, this Court concludes that his assertions fail to overcome his burden of convincing this Court that he would have rationally rejected the plea agreement if he had been fully informed of the immigration consequences of his conviction. That assumes, of course, that Movant can first establish his claim that his attorney failed to so inform him, which, considering the circumstances of this case, this Court considers doubtful.

In summary, this Court concludes that Movant has failed to establish that he is entitled to relief. As such,

**IT IS HEREBY ORDERED** that the Report and Recommendation, [Doc. 78], of the Magistrate Judge is therefore **ADOPTED** as the Order of this Court as modified by the above discussion, and the instant 28 U.S.C. § 2255 motion to vacate, [Doc. 76], is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's remaining motions, [Doc.s 84, 88, 89, 93, 94, and 103], are **DENIED** as moot.

**IT IS SO ORDERED**, this 8 day of February, 2013.

WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8 2)